# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Asherdon Fari Holloway, ) | Civil Action No.: 8:16-cv-03023-JMC |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Warden Stevenson, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the court on Petitioner Asherdon Holloway's ("Petitioner") Motion for Reconsideration. (ECF No. 49.) Petitioner moves the court to reconsider its Text Order denying Petitioner's Objection (ECF No. 47), finding that his Objection was untimely. For the reasons stated below, the court **GRANTS** Petitioner's Motion for Reconsideration (ECF No. 49).

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The court incorporates all facts stated in the Magistrate Judge's Report and Recommendation ("Report"), and only states facts and procedures relevant to the matter before the court. Magistrate Judge Jacquelyn D. Austin filed the Report on July 11, 2017 (ECF No. 40), and the court accepted it on July 27, 2017 (ECF No. 42.) On August 3, 2017, Petitioner filed his Objection (ECF No. 45), and on August 24, 2017, the court found that it was untimely (ECF No. 47). On September 5, 2017, Petitioner filed a Motion for Reconsideration, inquiring as to the reason his case was closed; and stating that if it was closed because of his "tardy" Objection, he could provide evidence that he received his legal mail a week after the prison received it. (ECF No. 49.) Respondent Warden Stevenson ("Respondent") responded to Petitioner's Motion (ECF No. 50), and Petitioner replied (ECF No. 52).

## II. LEGAL STANDARD

"[B]efore a party may seek relief under Rule 60(b), a party first must show timeliness, a meritorious defense,[1] a lack of unfair prejudice to [any] opposing party, and exceptional circumstances.[2] After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b)." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (citing *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)).

A court may relieve a party from a final judgment under Fed. R. Civ. P. 60(b) for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." A motion under this rule must be made within a reasonable time, and relief under reasons (1), (2), and (3) is not available after one year from the entry of the judgment. Fed. R. Civ. P. 60(c)(1).

As Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Haines v. Kerner*, 404 U.S. 519,

---

[1] *See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) ("[a] meritorious defense requires a proffer of evidence which would permit a finding for the [movant] or which would establish a valid counterclaim.") (citing *Central Operating Co. v. Utility Workers of America*, 491 F.2d 245, 252 n. 8 (4th Cir. 1974)).

[2] ". . . 'exceptional circumstances,' is sometimes noted." *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993).

520 (1972) (*pro se* plaintiff's "inartful pleadings" may be sufficient enough to provide the opportunity to offer supporting evidence.)

### III.  ANALYSIS

Liberally construing Petitioner's Motion, the court finds that he brings his claim pursuant to the "excusable neglect" prong of Fed. R. Civ. P. 60(b)(1) as noted in his Reply. (ECF No. 52.) Petitioner meets the threshold requirements, as to timeliness, a meritorious defense, and lack of unfair prejudice; to move the court for reconsideration pursuant to Fed. R. Civ. P. 60. "Excusable neglect has been construed to mean that a court 'will grant relief only where the actions leading to the default were not willful, careless, or negligent.'" *Johnson v. Gudmundsson*, 35 F.3d 1104, 1117 (7th Cir. 1994) (internal quotation marks omitted) (citing *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1209 (7th Cir. 1984)).[3] Petitioner contends that he filed his Objection to the Report on July 26, 2017 which would make his Objection timely. (ECF No. 52.) However, as noted by the court's Text Order on August 24, 2017, objections to the Report were due by July 25, 2017, and Petitioner's Objection was postmarked July 31, 2017.[4] (ECF No. 47.) Pursuant to *Houston v. Lack*, 487 U.S. 266, 276 (1988), a prisoner's documents are filed when they are received by the prison's mailroom. Petitioner may have dated his Objection July 26, 2017 (ECF No. 45 at 5), but it was postmarked by the prison's mailroom on July 31, 2017. (ECF No. 45-1 at 1.) Therefore, Petitioner's Objection was untimely.

---

[3] *See also Home Port Rentals, Inc. v. Ruben*, 957 F.2d 126, 132 (4th Cir. 1992) ("[t]o obtain relief under [Rule 60(b)(1)], a party must demonstrate inter alia that he was not at fault and that the nonmoving party will not be prejudiced by the relief from judgment.").

[4] An additional three (3) days is added to the due date for objections because service was by mail, so the true due date for Petitioner's Objection was July 28, 2017.

Petitioner provides the prison's legal mail delivery log, showing that the prison received the Report on July 14, 2017, and that it was delivered to him on July 19, 2017. (*See* ECF No. 52-1.) He asserts that this delay in the Report's delivery to him, which was not his fault, supports a finding of excusable neglect. The court agrees with Petitioner's assertion. Petitioner's late receipt of the Report, corroborated by the legal mail delivery log, did not give him adequate time to object; thus Petitioner has provided adequate evidence of excusable neglect for his Objection's untimely filing. The court now reconsiders Petitioner's Objection to the Report.

The court is charged with making a de novo determination of those portions of the Report to which specific objections are made. Fed. R. Civ. P. 72(b)(2)-(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence, or return the matter to the Magistrate Judge with instructions." *Id.* at 72(b)(3). Petitioner has made two (2) specific objections to the Report: (1) the court misrepresented and manipulated the facts surrounding Petitioner's awareness of the possibility of being consecutively sentenced as it relates to his Plea Counsel's alleged ineffective assistance, and (2) "the court erred stating that the Post-Conviction Relief ("PCR") court's finding that Petitioner never requested that [P]lea [C]ounsel file a motion for reconsideration was supported by [P]lea [C]ounsel's testimony." (ECF No. 45 at 3-4.) Both of these objections reference evidentiary points used by the PCR court to find that Plea Counsel for Petitioner did not provide ineffective assistance of counsel.

i. Plaintiff's First Objection

"Under the [Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")] a federal court may not grant habeas relief unless the underlying state court decision was contrary to or an unreasonable application of federal law, as determined by the United States Supreme Court, or based on an unreasonable determination of the facts before the court." (ECF No. 40 at 15 (citing

28 U.S.C. § 2254(d)(1)-(2).) When a federal court evaluates a habeas petition based on ineffective assistance of counsel, the court must determine whether the state court unreasonably applied federal law governing ineffective assistance of counsel which is the Supreme Court's holding in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).[5] *See Harrington v. Richter,* 562 U.S. 86, 100-01 (2011). In the context of a guilty plea, the court's evaluation must also take into consideration *Hill v. Lockhart*, which pertains to the prejudicial prong of *Strickland*. 474 U.S. 52, 59 (1985).[6]

The PCR court addressed Plea Counsel's performance under both *Strickland* and *Hill*, and found that counsel was not ineffective. (ECF No. 14-1 at 97-98.) The court only addresses whether the PCR court's application of federal law was reasonable pursuant to 28 U.S.C. § 2254(d)(1), not whether the PCR court applied the law correctly. *See Richter*, 562 U.S. at 101 ("[f]or purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.' A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.") (internal citations omitted).

The PCR court reasonably applied *Strickland* and *Hill* because the record states that Petitioner was advised at trial that his charges carried varied sentences and that he understood this before entering a guilty plea. (ECF No. 14-1 at 6-7.) Petitioner was advised that his charge for murder carried a potential sentence of thirty (30) years to life without parole, and that he would have to serve his sentence "day for day." (*Id.* at 6:15-20.) He was also advised that his charges

---

[5] ". . . [t]o challenge a conviction based on ineffective assistance of counsel, [Petitioner] must prove two elements: (1) his counsel was deficient in his representation, and (2) he was prejudiced as a result."

[6] ". . . in order to satisfy the 'prejudice' requirement [of *Strickland*], the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

for assault and battery with the intent to kill, and armed robbery carried a twenty (20) year sentence; and that he would have to serve at least eighty-five (85) percent of his time for assault and battery with the intent to kill. (*Id.* at 6:21-7:2.)

At the PCR hearing Petitioner testified that "[he understood] that the court was not obligated to sentence [him] concurrently; [but that the charges could potentially have been considered as one offense and could concurrently run]." (*Id.* at 67:24-68:12.) Petitioner also testified that he did not have an understanding of the differences between "consecutive" and "concurrent" until after he pled, and that he would not have pled guilty if he knew that his sentences could be consecutive." (*Id.* at 74:24-75:2); (*see also* ECF No. 45 at 3.) However, Plea Counsel testified at the PCR hearing that it was Petitioner's decision, after "extensive discussion," to plead guilty, and that Plea Counsel wanted to avoid a life without parole sentence for Petitioner. (ECF No. 14-1 at 80:18-81:16.) He also testified that he did not object to Petitioner's sentence because he felt it was lawful. (*Id.* at 81:17-21.) The PCR court took this information and analyzed it within the context of *Strickland* and *Hill* and found that Plea Counsel's actions were reasonable, and that Petitioner failed to sufficiently allege that he was prejudiced by Counsel's alleged ineffectiveness. (*Id.* at 97-98.) Moreover, the PCR court found Plea Counsel's testimony credible and Petitioner's testimony incredible, and this finding is entitled to deference. (*Id.* at 98); *see also Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) ("for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear." (citing 28 U.S.C. § 2254(e)(1))).

Plea Counsel advised Petitioner of what his options were as to Petitioner's plea and potential sentence, and Petitioner stated that he understood, after the trial judge's additional explanation, the penalties for each charge against him. There is nothing within the PCR

6

proceedings that supports a finding that the PCR court's decision was "contrary to or an unreasonable application of federal law," or that the decision was based on an "unreasonable determination of the facts before the court." (*See* 28 U.S.C. § 2254(d)(1)-(2).) Therefore, the court denies Petitioner's objection as to the court's view of the facts surrounding Petitioner's awareness of the possibility of consecutive sentences, and its impact as to whether Plea Counsel was ineffective for not explicitly explaining to him the difference between "concurrent" and "consecutive" sentences.

ii. Plaintiff's Second Objection

Plaintiff's second objection regards whether the Report's finding that Petitioner never requested Plea Counsel to file a motion for reconsideration is corroborated by Plea Counsel's testimony. Plea Counsel testified that "I know [Petitioner] did not request reconsideration because if he did I would have filed a motion for that." (ECF No. 14-1 at 87:4-6.) The Report did not err in stating this fact, as it is a part of the PCR court's findings. (*Id.* at 98.) In addition, as stated above, the PCR court found Plea Counsel's testimony credible, thus the court must defer to the PCR court's credibility determination. *See Cagle,* 520 F.3d at 324. Therefore, the court denies Petitioner's objection as to the Report's alleged error.

### IV. CONCLUSION

For the reasons set forth above, the court **GRANTS** Petitioner's Motion for Reconsideration (ECF No. 49.) The court further **ACCEPTS** the Magistrate Judge's Report (ECF No. 40) **GRANTING** Respondent's Motion for Summary Judgment (ECF No. 15). Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED**.

# CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable judges would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See, e.g., Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

January 19, 2018
Columbia, South Carolina